Emma Weinman, Landlord, Respondent, v. Owen Trainor and Another, Tenants, Appellants.

(Supreme Court, Appellate Term, First Department, January Term — Filed February, 1921.)

Summary proceedings — when will not lie against tenant as a holdover — landlord and tenant — lease.

> The agreement of a tenant that in case of a sale of the premises he will vacate them on thirty days' notice, is a condition and not a conditional limitation of the lease.

> While the refusal of a tenant to vacate the premises on the day set by such a notice entitles the landlord to bring an action in ejectment or for breach of covenant, the tenant is not a holdover until his lease expires, and summary proceedings will not lie against him as a holdover.

Appeal by tenants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district.

House, Grossman & Vorhaus (Henry E. Cohen, of counsel), for appellants.

Philip J. Sinnott, for respondent.

*Per Curiam.* The tenant is in possession of the premises in question under a written lease which contains the following provision: " Should the said premises be sold the tenant agrees to vacate same to any time on 30 days notice." The premises were sold and a notice was given " that in accordance with the terms of the lease must ask you to vacate house 619 West 142 Street within 30 days from June 1."

The tenant failed to vacate on the day set and this summary proceeding was brought to dispossess the tenant as a holdover. The court below decided that

the tenancy had expired and awarded the possession of the premises to the landlord.

This conclusion we think was error. The provision of the lease under which the landlord claims possession is a condition of the lease and not a conditional limitation. The term of the lease did not expire by the giving of the thirty days' notice. By refusing to vacate the tenant has breached a covenant which gives the landlord the right to re-enter or a suit for damages. The tenant is not a holdover until his lease has expired. Therefore summary proceedings did not lie. Re-entry can only be accomplished by an action in ejectment.

Judgment appealed from reversed, with thirty dollars costs and petition dismissed.

Present: GUY, WAGNER and McCOOK, JJ.

Judgment reversed, with thirty dollars costs.